# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JULIAN J. GARCIA,**

       Plaintiff,

vs.                                                                                          Civ. No. 04-1274 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Decision filed May 11, 2005. *Docket No. 9.* The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is not well taken and will be denied.

## I.  PROCEDURAL RECORD

      Plaintiff, Julian J. Garcia, filed an application for Social Security disability insurance benefits and Supplemental Security Income benefits on July 1, 2002. *Tr. 59, 221.* He alleged he become disabled on May 24, 2002 due to sleep apnea, asthma, post-traumatic stress disorder, depression and low back pain. His application was denied at the initial and reconsideration level.

      The ALJ conducted a hearing on June 20, 2003. *Tr. 263.* At the hearing, Plaintiff was

represented by a non-attorney. On August 18, 2003, the ALJ issued an unfavorable decision. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform his past work as a silversmith. *Tr. 19.*

On September 10, 2004, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. *Tr. 6.* The Plaintiff subsequently filed his Complaint for judicial review of the ALJ's decision on November 9, 2004.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards. *See Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision. *See Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *See* 42 U.S.C. §423(d)(1)(A); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1486 (1993). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *See Thompson*, 987

F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show: 1) he is not engaged in substantial gainful employment; 2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; 3) his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or 4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id*.

### III.  MEDICAL HISTORY

Plaintiff was born on June 24, 1960 and has some college education. He has past work experience as a silversmith, electronics assembler, quality control inspector, chemical technician and electronics assembler. *Tr. 16.*

The only medical records in the record after Plaintiff's alleged onset date are two consultative evaluation reports. Eugene Toner, M.D. performed an evaluation on September 19, 2002. He found that Plaintiff had a lumbar fusion with "probable poor positioning of L5 pedicle screw on the right" and complaints of asthma with no evidence of any pulmonary dysfunction. *Tr. 135*. Because of the discomfort in his back, Dr. Toner restricted Plaintiff from lifting over 20 pounds and standing over 6 hours a day. *Id.*

Steven Sacks, M.D. performed a psychiatric evaluation on October 15, 2002. Dr. Sacks made the following diagnosis:

> AXIS 1: The claimant has a long history of alcohol abuse as well as cocaine abuse. He continues to abuse alcohol. He claims his last cocaine usage was in 1992. The

>    claimant may have had a past history of posttraumatic stress disorder. I see no clear evidence of it at the present time. He does experience a dysthymia.[1] I doubt bipolar disorder. Nevertheless, it is difficult for me to make this diagnosis from one interview as well. He has continued alcohol abuse.
>
>    AXIS 2: The claimant is probably experiencing avoidant personality disorders. He has difficulty in occupational activities and(sic) involves significant interpersonal contact because of fear of criticism, disapproval, or rejection. He shows restraint with intimate relationships. He seems somewhat preoccupied in terms of being criticized and rejected in social situations. This almost borders on paranoid ideation at times. He seems himself as personally unappealing.

*Tr. 140.*

Dr. Sacks assessed him with a Global Assessment of Functioning ("GAF") of 40.[2] Regarding his ability to work Dr. Sacks found that Plaintiff could remember and understand complex instructions and maintain the attention required to perform simple and more complex tasks. Tr. 141. He would have some difficulty withstanding the stress of day-to-day work activities.

A Physical Residual Functional Capacity Assessment form was completed on October 21, 2002 by a non-examining physician employed by the Defendant. Based on the record before him, the physician found that Plaintiff had the following limitations: he was able to lift 20 pounds occasionally and could frequently lift 10 pounds. *Tr. 243.* Plaintiff was able to stand, walk and/or sit 6 of out of the 8 hours workday. Plaintiff was able to occasionally climb, balance, stoop, kneel or crawl. *Tr. 144.* He found that Plaintiff should avoid concentrated exposure to fumes and odors due to asthma and avoid hazards because of possible substance abuse. *Tr. 146.*

---

[1] Dysthymia is a major depressive disorder. *Diagnostic & Statistical Manual of Mental Disorders*, 345 (4th ed. 2005)

[2] GAF of 31 - 40 indicates: Some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant ) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work...)*Id.* at 32.

A nonexamining psychiatrist completed the Psychiatric Review Technique Form on October 24, 2002. He diagnosed Plaintiff with substance abuse and avoidant personality disorder. He did not note any functional limitations. However, he found that Plaintiff meet Listing 12.09D and his substance abuse was "material." *Tr. 160.*

The record contains medical records from 1998 to 1999 concerning Plaintiff's asthma, back pain and sleep apnea. *Tr. 171-220.* On July 2, 2002, Plaintiff stated he had not seen a physician in two years. *Tr. 112.*

## IV. DISCUSSION

Plaintiff asserts that the ALJ erred in not having a medical expert testify at the administratie hearing and in finding that Plaintiff could return to his past work as a silversmith.

*Medical expert testimony.*

Plaintiff argues that there was insufficient evidence in the record as to whether Plaintiff met or equaled any Listings or combination of Listings. Plaintiff specifically mentions 12.08, Personality Disorders, and 12.09, Substance Addiction Disorders. Plaintiff also asserts that the ALJ failed to develop the record by having a medical expert present at the hearing but not calling him to testify.

Whether a claimant meets or equals a listed impairment is a decision reserved to the Commissioner. *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (physician's opinion of disability at step three is not binding on Commissioner). It is the Plaintiff's burden at step three to establish that his condition meets a listing. *Potter v. Secretary of Health and Human Services*, 905 F.2d 1346, 1349 (10th Cir. 1990). To qualify for benefits Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. § 423(d), that he is unable to engage in substantial gainful activity due to a medically determinable

physical or mental impairment which can be expected to result in death or last or can be expected to last for at least 12 months. 42 U.S.C. § 416(1)(10). The Act defines a physical or mental impairment as one "that results from an anatomical, physical or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. § 404.1513.

Plaintiff did not submit any medical records after the date of the alleged onset of his disability. The Commissioner authorized and paid for a consultative examination to evaluate Plaintiff's alleged mental and physical impairments. In addressing Plaintiff's alleged mental impairment, the ALJ considered the report of Dr. Sacks. Tr. 17. It is unclear to the court how a nonexamining medical expert would in any way further develop the record as to Plaintiff's alleged mental impairments. The opinion of a nonexamining physician is normally given less weight than the opinion of an examining physician. *Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir. 1987).   Moreover, Plaintiff's assertion that he met Listing 12.09 is not helpful to him. Plaintiff was denied at the initial and reconsideration levels because it was found that his substance abuse was a contributing factor material to a finding of disability. *Tr. 30, 34 and 225.* The non-examining physician who completed the Psychiatric Review Technique form found that Plaintiff met 12.09D Listing and that Plaintiff's substance abuse is material. *Tr. 160, 162*. If the ALJ were to adopt these findings, the ALJ would have to find that Plaintiff was not disabled. 42 U.S.C. § 423(d)(2)(C) (an individual shall not be considered to be disabled if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled). The regulations require that to be found disabled, the claimant must be disabled independent of his substance abuse. 20 C.F.R. §§

6

404.1535, 416.935.

Moreover, the ALJ did discuss Listings 12.08 and 12.09 and noted that the state agency physician found that his condition did satisfy 12.09. Tr. 17. The ALJ then correctly noted that "both the claimant and his mother recanted their previous statements about the severity of his drinking problem" *Tr. 17, 125, 255-58.*

The Court recognizes that the ALJ may ask for and consider opinions from a medical expert on the nature and severity of a claimant's impairment. 20 C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(2)(iii). However, it is not required in this matter and for all the foregoing reasons, the ALJ did not err in failing to have the medical expert testify at the administrative hearing. *Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995) (medical advisor testimony required if medical evidence of onset is ambiguous).

*Past relevant work.*

The ALJ found that Plaintiff was capable of light work with occasional postural limitations and with moderate limitations in maintaining social interactions. The ALJ further found that Plaintiff could perform his past relevant work as a silversmith. Tr. 19. Plaintiff asserts for several reasons that the ALJ erred in this finding.

Plaintiff contends that the vocational expert testified that the Plaintiff could perform his job as a silversmith only in his home and that this limitation reduced the number of available jobs from 30,000 to 10,000 jobs in the national economy. Actually, the vocational expert did not testify that Plaintiff could perform his position only in his home. Rather, she testified that because of Plaintiff's limitations concerning interaction with other people Plaintiff would have to be self-employed. *Tr. 273-74.* Furthermore, the ALJ made this finding at step four. At step four the regulations to not

require that a claimant's past relevant work exist in sufficient numbers in the national economy. *Thomas v. Barnhart*, 540 U.S. 20, 25-30 (2003) ("...the regulations explicitly reserve inquiry into the national economy for step five.").

Similarly, Plaintiff's argument that working out of one's home is a special condition pursuant to 20 C.F.R. § 404.1573(c)(2) is without merit. Neither the ALJ nor the vocational expert opined that Plaintiff had to work at home. Moreover, a reading of the regulation cited by Plaintiff does not show any relevancy to the issues before the Court or to Plaintiff's claims.

Plaintiff also contends that the ALJ erred in not evaluating Plaintiff's job as a silversmith as he actually performed it. The ALJ is required to determine at step four if Plaintiff has the RFC to perform his actual past work duties or the job duties as generally required by employers through the national economy. *Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1050 (10th Cir. 1993); Social Security Ruling 82-61. In this matter, the vocational expert testified that Plaintiff's RFC permitted him to work as a silversmith if he were self-employed. Tr. 273. The vocational expert further testified that in the national economy silversmiths are self employed. Tr. 275.

Plaintiff appears to argue that the ALJ erred in not including the limitation in Dr. Sacks' report in the hypothetical given to the vocational expert. As referred to above, Dr. Sacks found that Plaintiff would have some difficulty withstanding the stress of day-to-day work activities and that this related to Plaintiff's "avoidant personality disorder as well as continued alcoholic abuse." Tr. 141. The ALJ's hypothetical that Plaintiff had moderate limitations in maintaining social interaction and the vocational expert's response that Plaintiff would be self-employed as a silversmith, sufficiently included this limitation in Plaintiff's RFC capacity. Moreover, as discussed above, there is evidence in the record that Plaintiff does not abuse alcohol. *Tr. 125, 255-58*.

Plaintiff further contends that the ALJ erred in not including Plaintiff's deficiencies in concentration in the hypothetical to the vocational expert. The ALJ addressed Plaintiff's allegation regarding his impaired concentration. She found that the "[m]edical record reflects that this is a longstanding problem and the claimant has been able to performed skilled work, despite this impairment, in the past." Tr. 18. The record support's the ALJ's finding. *Tr. 17* (Plaintiff diagnosed with sleep apnea in 1999), *141*.

Finally, Plaintiff asserts that the ALJ erred in not including any limitations relating to Plaintiff's pain in her RFC finding. The ALJ's credibility finding, in relevant part, states:

> He was laid off from his last position and did not leave due to his impairments. He drew unemployment benefits up until December 2002 after which he started his current temporary employment. He continues to look for work. He claims to have longstanding psychiatric problems, but has not been treated for these conditions during the period at issue and has received security clearances for government work...He does not drive because he lost his license after a conviction for driving while intoxicated. He mows his lawn, sweeps, vacuums change his sheets and cleans his room  He is able to work an eight   hour day when work is available. *Tr. 18.*

Plaintiff did not argue that this finding was not supported by the substantial evidence or that the ALJ did not follow the legal standards in making this determination. Nor would the record support such an argument. As the ALJ correctly found that Plaintiff's allegations of pain did not affect her RFC finding, the ALJ correctly did not include this limitation in her hypothetical to the ALJ. *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996).

For all the foregoing reasons, the Court finds that the ALJ did not err in finding that Plaintiff could return to his past work as a silversmith.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**
**(sitting by designation)**